UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES DAVIS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ICICLE SEAFOODS, INC., in personam; the P/B ARCTIC STAR, Official Number 501203, her engines, machinery, appurtenances and cargo, in rem;<br><br>　　　　　　Defendants. | CASE NO. 07-1565BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR MAINTENANCE, UNEARNED WAGES AND ATTORNEY FEES |

This matter comes before the Court on Plaintiff's Motion for Maintenance, Unearned Wages and Attorney Fees (Dkt. 12). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. STATEMENT OF FACTS**

This matter concerns whether Plaintiff is entitled to maintenance, unearned wages and attorney's fees related to an injury sustained to Plaintiff's eye while working aboard the Arctic Star. Dkt. 12. It is undisputed by the parties that Plaintiff injured his eye while aboard the Arctic Star on July 27, 2007. Dkt. 16 at 4-5. Plaintiff was aboard the Arctic Star pursuant to an employment agreement he entered into with Defendant Icicle Seafoods, Inc. Dkt. 12-2.

ORDER – 1

1  Plaintiff's injury required that he be transported off the barge for medical care and
2  for transportation home to Seattle, Washington to receive further care. Dkt. 15 at 2.
3  Plaintiff was transported off the barge on August 1, 2007 and received treatment at
4  Providence Seward Medical Center on August 2, 2007 where he was diagnosed with a sty
5  over his left eye. *Id.*, Dkt. 12-4.  Plaintiff was also given a Return to Work Release that
6  stated he was allowed to return to work with certain restrictions requiring him to return
7  for further check-ups, wear protective eye wear, and take breaks every two hours in order
8  to apply a hot compress on his eye for twenty minutes. *Id.*  On August 2, 2007, Plaintiff
9  was sent to Seattle, Washington at the expense of Defendant Icicle Seafoods, Inc. Dkt. 15
10 at 3, Dkt. 12-6.

11  Plaintiff contends that he was sent home for further treatment pursuant to the
12 directions of Defendant Icicle Seafoods, Inc. and that the Return to Work Release was
13 only issued to allow him to travel back to Seattle. Dkt. 12 at 3.  Defendant Icicle
14 Seafoods, Inc. contends that Plaintiff was originally scheduled to return to Seattle but that
15 once he received his Return to Work Release, those plans were changed. Dkt. 15 at 3-4.
16 Defendant Icicle Seafoods, Inc. alleges that Plaintiff was given the opportunity of
17 continued employment in Alaska, where he could comply with the conditions contained
18 in the Return to Work Release, or he could terminate his employment and return home.
19 *Id.* at 3-4.  Rather than choosing to return to work, Defendant alleges that Plaintiff chose
20 to terminate his employment and returned home. *Id.*

21  Defendant Icicle Seafoods, Inc. does not dispute that it is obligated to provide cure
22 to Plaintiff for the injuries he sustained to his eye while under its employment. *Id.* at 4.

## II. APPLICABLE STANDARD OF PROOF

24  Plaintiff and Defendants dispute the standard to be applied to the instant motion.
25 Plaintiff alleges that the applicable standard of proof to be applied to the instant matter is:
26 "When there are ambiguities or doubts, they are resolved in favor of the seamen."
27 *Vaughan v. N.J. Atkinson,* 369 U.S. 527, 532 (1962).  However, Defendants contend that

ORDER – 2

"in motions to determine whether a seamen is entitled to maintenance and unearned wages, the summary judgment standard applies. *Guerra v. Arctic Storm,* 2004 AMC 2319 (W.D. Wash. 2004). Plaintiff counters the assertion that summary judgment should be applied by stating that summary judgment applies as to whether Plaintiff's injury occurred while in service of Defendant aboard the barge, but once this has been established, ambiguities and doubts should be resolved in Plaintiff's favor. Dkt. 17 at 3 (citing an unpublished opinion by Judge Burgess, *Alexander v. Dorby S*, Case No. 04-5289FDB).

In the instant matter there is no dispute over whether Plaintiff injured himself while in service of the Defendants aboard the barge. The dispute is over whether Plaintiff is entitled to maintenance and unearned wages or whether Plaintiff was able to return to work and instead voluntarily quit and returned home. If Plaintiff was able to return to work but voluntarily chose to return home, he would have forfeited his entitlement to maintenance and unearned wages. *Dowdle v. Offshore Exp., Inc.,* 809 F.2d 259, 265 (5th Cir. 1987); see also *Caulfield v. AC & D Marine, Inc.,* 633 F.2d 1129, 1133 (5th Cir. 1981). While the case law is unclear as to the standard to apply under these factual circumstances, the Court finds that where the issue of entitlement to maintenance and unearned wages is disputed due to alleged forfeiture by Plaintiff, the summary judgment standard should apply.

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of

ORDER – 3

fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

## IV. DISCUSSION

Plaintiff contends that, "if [Plaintiff] is entitled to cure, he is also entitled to maintenance." Dkt. 17 at 1 (citing *McCarthy v. F/T Seafreeze Alaska,* 2004 A.M.C. 2107 (W.D. Wash. 2004)).  As stated above, Defendants have conceded that Plaintiff is entitled to cure. Dkt. 15 at 4.  However, there is a factual dispute over whether Plaintiff forfeited his right to maintenance and unearned wages due to his alleged refusal to accept alternate employment with Defendant Icicle Seafoods, Inc., instead choosing to voluntarily quit and return to Seattle for further treatment.  Because this material factual issue exists, the

ORDER – 4

Court finds that it would be inappropriate to summarily award maintenance and unearned wages at this time. Furthermore, an award of attorneys' fees would also be inappropriate at this time given the Court's determination that Plaintiff's motion for maintenance and unearned wages should be denied. However, the Court may be amenable to a motion seeking a separate expedited trial on the issue of maintenance and unearned wages pursuant to Fed. R. Civ. P. 42(b).

## V. ORDER

Therefore, it is **ORDERED** that Plaintiff's Motion for Maintenance, Unearned Wages and Attorneys' Fees (Dkt. 12) is  hereby **DENIED**.

DATED this 13th day of February, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 5