UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES DAVIS,<br><br>               Plaintiff,<br><br>    v.<br><br>ICICLE SEAFOODS, INC., in personam;<br>the P/B ARCTIC STAR, Official Number<br>501203, her engines, machinery,<br>appurtenances and cargo, in rem;<br><br>               Defendants. | CASE NO. 07-1565BHS<br><br>ORDER DENYING<br>DEFENDANS' MOTION FOR<br>SUMMARY JUDGMENT |

      This matter comes before the Court on Defendants' Motion for Summary Judgment on Plaintiff's Claims for Maintenance, Cure and Unearned Wages (Dkt. 21). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. SUMMARY JUDGMENT STANDARD

      Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of

ORDER – 1

1 fact for trial where the record, taken as a whole, could not lead a rational trier of fact to
2 find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475
3 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative
4 evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e).
5 Conversely, a genuine dispute over a material fact exists if there is sufficient evidence
6 supporting the claimed factual dispute, requiring a judge or jury to resolve the differing
7 versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W.*
8 *Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

9       The determination of the existence of a material fact is often a close question. The
10 court must consider the substantive evidentiary burden that the nonmoving party must
11 meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477
12 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The court must resolve any factual
13 issues of controversy in favor of the nonmoving party only when the facts specifically
14 attested by that party contradict facts specifically attested by the moving party. The
15 nonmoving party may not merely state that it will discredit the moving party's evidence at
16 trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec.*
17 *Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific
18 statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan*
19 *v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

20       **II. DISCUSSION**

21       The Court, in its previous order (Dkt. 18), stated: "If Plaintiff was *able* to return to
22 work but voluntarily chose to return home, he would have forfeited his entitlement to
23 maintenance and unearned wages." *Dowdle v. Offshore Exp., Inc.,* 809 F.2d 259, 265 (5th
24 Cir. 1987); see also *Caulfield v. AC & D Marine, Inc.,* 633 F.2d 1129, 1133 (5th Cir.
25 1981) (emphasis added). Defendants now contend that, after taking Plaintiff's deposition,
26 this court should find as a matter of law that Plaintiff voluntarily chose to return home
27 and that therefore he has forfeited his entitlement to maintenance and unearned wages.
28

ORDER – 2

Dkt. 21 at 6. After reviewing Plaintiff's deposition testimony, the Court does not agree with Defendants' characterization of Plaintiff's testimony. When resolving all inferences in favor of Plaintiff, material issues of fact exist over whether Plaintiff reasonably rejected the medical attention in Seaward, whether Plaintiff voluntarily returned home, and whether the return to work release was reasonable, given Plaintiff's condition.

Defendants point out that an injured seaman "should have the right to reject being treated by a physician who is not the seaman's preference or in whom the seaman lacks confidence, [and] such rejection must be based upon reason and not whim." Dkt. 21 at 7 (citing *Truman v. Chas. Kurz & Co.,* 239 F. Supp. 636, 638 (D.C. Or. 1965)). Plaintiff states in pertinent part in his deposition:

> A: Yes. I knew they had written their plan up to send me back to the ship, you know. And I told them that I wasn't comfortable with going back to the ship under these circumstances.
>
> ***
>
> Q: What did they [the doctors] say?
>
> A: You know, I can't remember what they said. But the bottom line came up to, you know, that they were just going to ship me back to Seattle where I was able to see a doctor.
>
> ***
>
> A: . . . You know, and I felt that with the condition my eye was and I can't see, how I'm going to be able to go back in the same, in that same – doing the same thing. I can't see out of my eye. My eye is hanging over here, swelling, and got the infection in it. And I didn't feel – I wasn't really comfortable with that, because I was – that wasn't going to help my situation any.
>
> Q: So are you saying that you weren't comfortable with it *or you couldn't see to do the job?*
>
> A: *Both.*
>
> ***
>
> A: Why couldn't I couldn't do the job? I can barely see out of the eye, in the first place. My eye was so big, it looked like it's about to pop.
>
> ***

ORDER – 3

      A: With the condition that my eye was in, I don't think I would have worked anywhere, because my eye was in bad shape, you know. And I'm walking around there with one eye. That's not – you know, I think that was unsafe.

\*\*\*

      Q: Who made the decision for you [to] return to Seattle, then? You made that decision?

      A: I don't know. Oh. I told them that I would be most comfortable with them sending me back, just flying me to Seattle, rather than going back on the ship, you know, in the same circumstances that I did just left from. And with the procedures that they did on my eye there, I don't – I can't criticize what they done. They done the best that they could with what they had. But leaving from there and going back, I wasn't comfortable with it, you know, because of my eye was in bad shape.

Dkt. 21 at 11-12 (emphasis added).

    Plaintiff makes it clear numerous times that he did not believe that he was able to return to work with his eye in the condition that it was in. While Plaintiff is not a medical doctor, he is able to testify as to his condition at that time and a reasonable jury could conclude that Plaintiff was not in a condition to return to work. Taken together with the evidence of Plaintiff's subsequent diagnosis of Bell's Palsy (Dkt. 12-8), this creates an issue of fact as to whether Plaintiff was in a condition in which he was able to return to work and whether the return to work release was reasonably given.

    It is also unclear from the record whether plaintiff voluntarily chose to return to Seattle or whether a discussion was had that included the option of returning to work that resulted in the final determination that Plaintiff should be sent home as he was requesting. Furthermore, Plaintiff's testimony, and his stated concern for his safety given his condition, directly relate to the reasonableness and voluntariness of his choice to refuse the treatment offered in Seward and return to Seattle to consult a specialist. When resolving all disputed issues in favor of Plaintiff, material issues of fact exist that preclude the Court from granting Defendants' motion for summary judgment.

ORDER – 4

**III. ORDER**

Therefore, it is **ORDERED** that Defendants' Motion for Summary Judgment on Plaintiff's Claims for Maintenance, Cure and Unearned Wages (Dkt. 21) is hereby **DENIED**.

DATED this 12th day of May, 2008.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER – 5