UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES DAVIS,<br><br>           Plaintiff,<br><br>   v.<br><br>ICICLE SEAFOODS, INC., in personam; the P/B ARCTIC STAR, Official Number 501203, her engines, machinery, appurtenances and cargo, in rem,<br><br>           Defendants. | CASE NO. 07-1565BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CURE |

This matter comes before the Court on Plaintiff's Motion for Cure (Dkt. 31). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 3, 2007, Plaintiff Charles Davis filed a complaint against Defendants Icicle Seafoods, Inc., and P/B ARCTIC STAR for damages of personal injuries, wages, maintenance and cure. Dkt. 1. It is undisputed that Plaintiff injured his eye while aboard the Arctic Star on July 27, 2007. Dkt. 16 at 4-5. Plaintiff was aboard the Arctic Star pursuant to an employment agreement he entered into with Defendant Icicle Seafoods, Inc. Dkt. 12-2.

On January 3, 2008, Plaintiff moved the Court for an order that Defendants pay Maintenance, Unearned Wages and Attorney Fees. Dkt. 12. On February 13, 2008, the

ORDER – 1

1 Court denied Plaintiff's motion because of the existence of material issues of fact. Dkt.
2 18 at 4-5.

3 On March 20, 2008, Defendants moved for summary judgment on Plaintiff's
4 claims for maintenance, cure and unearned wages. Dkt. 21. Although the title of the
5 motion mentioned Plaintiff's claim for cure, Defendants stated that "[i]t is undisputed that
6 cure has been paid, and that [Defendant Icicle Seafoods] will continue to pay to the point
7 of maximum medical cure." *Id*. at 7. As for Plaintiff's other claims, Defendants argued
8 that Plaintiff forfeited his entitlement to maintenance and unearned wage. *Id*. at 6. On
9 May 12, 2008, the Court denied Defendants' motion because of the existence of material
10 issues of fact regarding Plaintiff's alleged forfeiture. Dkt. 26.

11 On August 5, 2008, Plaintiff filed a Motion for Cure requesting that the Court
12 order Defendants to pay for plastic surgery to his eye. Dkt. 31. It is undisputed that on
13 August 24, 2007, Dr. Ted Zollman diagnosed Plaintiff with Bell's palsy in the same eye
14 that Plaintiff had injured while aboard the Arctic Star. Dkt. 31-2, Deposition of Ted
15 Zollman ("Zollman Decl.") at 5. Dr. Zollman referred Plaintiff to a plastic surgeon
16 because Plaintiff "may experience some improvement with surgical treatment." *Id*. at 15.
17 Plaintiff claims that plastic surgery to his eye lid will cost a maximum of $3500. Dkt. 31-
18 5, Declaration of John Merriam, ¶ 3. Plaintiff requests that the Court order Defendants to
19 pay for this surgery because Defendants have "stopped paying [his] medical bills." Dkt.
20 31 at 3.

21 On August 25, 2008, Defendants responded arguing not only that there exists
22 questions of fact regarding Plaintiff's forfeiture of his rights to cure but also that
23 Plaintiff's Bell's palsy condition "did not manifest during his employment." Dkt. 32 at 1-
24 2. On August 28, 2008, Plaintiff replied. Dkt. 33.

## II. APPLICABLE STANDARD OF PROOF

26 Defendant argues that "[t]he summary judgment standard applies to Plaintiff's
27 motion." Dkt. 32 at 6. Plaintiff counters that it "makes no difference" whether the Court

ORDER – 2

applies the summary judgment standard of proof because the real question is "[w]ho bears the burden?" Dkt. 33 at 4. The parties seem to have raised this issue because of decisions that have been issued within this district that seem to be in conflict with one another. *Compare Mabrey v. Wizard Fisheries, Inc.*, 2007 WL 1556529 (W.D. Wash. 2007), C05-1499L, Order Denying Motion to Compel Payment of Cure, Dkt. 77 ("the Court applies a summary judgment standard rather than granting interim relief without an adjudication on the merits") *with Gouma v. Trident Seafoods, Inc.*, 2008 WL 2020442 (W.D. Wash. 2008), 2008 A.M.C. 863 ("Plaintiff is entitled to the presumptive continuance of maintenance and cure payments").

In *Mabrey*, the plaintiff moved the Court for an order to compel defendant to pay cure for his carpal tunnel syndrome. *Mabrey,* 2007 WL 1556529 at *1. Judge Lasnik found that there were material issues of fact regarding "whether plaintiff suffers from [carpal tunnel syndrome] and, if he does, whether it was caused while he was working in service of the vessel." *Id*. at 2. Judge Lasnik concluded that these were threshold issues upon which plaintiff bore the burden of proof at trial and, therefore, preliminary judgment on the merits was inappropriate. *Id*.

On the contrary, in *Gouma*, plaintiff suffered from a work-related back injury and defendant originally paid maintenance and cure. *Gouma*, 2008 WL 2020442 at *1. When plaintiff's doctor recommended a discogram/CT procedure, defendant refused to authorize payment for that procedure without an independent medical examination. *Id*. Plaintiff then moved the Court for an order to compel payment of cure. *Id.* Judge Pechman distinguished *Mabrey* on the basis that Judge Lasnik was faced with "the purely factual question of whether the seaman had been in the service of the vessel when injured." *Id.* at *2. Judge Pechman found that, in the case before her, "there [was] no dispute that Plaintiff was injured while in service to Defendants' vessel; the dispute center[ed] around the necessity of a medical procedure and whether Plaintiff ha[d] reached maximum cure." *Id*. Judge Pechman concluded that doubts should be resolved

ORDER – 3

in favor of the injured seaman (*see Vaugh v. Atkinson*, 369 U.S. 527, 532 (1962)) and granted plaintiff's motion for cure.

In this case, it is undisputed that Plaintiff injured his eye while in service aboard the ARCTIC STAR. What is disputed is whether Plaintiff's Bell's palsy is a result of that injury. Defendants have paid for medical cure for Plaintiff's injuries regarding his eye infection and nerve damages. Defendants, however, have refused to pay for surgery related to Plaintiff's Bell palsy, an injury in which the treating physician has stated that there is "no known cause" for 40% of the reported cases. *See* Zollman Decl. at 8-9. Thus, Plaintiff's instant motion presents the issue of whether this Bell's palsy injury occurred while he was in the service of the ARCTIC STAR. As this is a threshold factual issue and is not a dispute regarding maximum cure, the Court will apply the summary judgment standard to Plaintiff's motion for cure.

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

## IV. DISCUSSION

Defendants argue that "[i]t is [Plaintiff's] burden to evidence that his Bell's palsy condition manifest during his employment with the employer." Dkt. 32 at 7. Plaintiff counters that Defendants must bear the "burden to show that [Plaintiff's] Bell's palsy did <u>not</u> manifest while [Plaintiff] was in the service of [Defendants]." Dkt. 33 at 4 (emphasis in original). Plaintiff, however, provides no authority for his proposition. In fact, it is his duty to show at trial that he was "injured or became ill while in the service of the vessel" and "the amount of . . . cure to which the plaintiff is entitled." Ninth Circuit Model Civil Jury Instruction 7.11 (2007). The fact that Plaintiff is the movant for purposes of summary judgment does not shift the burden to Defendants to show that Plaintiff's injury did not manifest while we was aboard the ARCTIC STAR. Accordingly, the fact that Plaintiff has introduced *some* evidence "that his blinking problems started while he was still working for [Defendants]" does not establish that he is entitled to cure for the Bell's palsy surgery.

Defendants have shown that there are multiple questions of fact regarding key issues in this case. First, the Court has already ruled that there are questions of fact on the issue of whether Plaintiff forfeited his entitlement to cure. *See* Dkt. 26. Second, Plaintiff's treating physician stated that he had no way of knowing when the Bell's palsy manifested. Zollman Decl., at 5-6. Moreover, Dr. Zollman referred to Plaintiff's Bell's palsy injury and his eye infections as separate injuries. *See id*. at 12-15. If they are separate injuries, Plaintiff bears the burden to show that he is entitled to cure for both. *See supra*.

Therefore, the Court denies Plaintiff's motion to compel cure because there exists material issues of facts whether Plaintiff is entitled to cure for the surgery to his eyelid. The Court is aware, however, that Defendants unilaterally decided when to stop paying Plaintiff's medical bills. Although the Court is unaware of any authority that allows a defendant the sole discretion to determine when a plaintiff has obtained maximum cure, Plaintiff may recover compensatory damages for the pain he must endure until a ruling on the merits can be obtained. *See* Comments to Ninth Circuit Pattern Jury Instruction 7.11 (2007) (citing *Cortes v. Baltimore Insular Line, Inc.*, 287 U.S. 367, 371 (1932)). In addition, Plaintiff may recover attorney's fees if he can show that Defendants acted willfully and arbitrarily in refusing to pay medical expenses. *See Kopczynski v. The Jacqueline*, 742 F.2d 555, 559 (9th Cir. 1984).

## V. ORDER

Therefore, it is **ORDERED** that Plaintiff's Motion for Cure (Dkt. 31) is **DENIED**.

DATED this 5th day of September, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 6