UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES DAVIS,

    Plaintiff,

v.

ICICLE SEAFOODS, INC., in personam; the P/B ARCTIC STAR, Official Number 501203, her engines, machinery, appurtenances and cargo, in rem,

    Defendants.

CASE NO. C07-1565BHS

ORDER

This matter came before the Court on Defendants' Motion to Amend Judgment (Dkt. 52) and Plaintiff's Motion for Relief from Decision and Order Pursuant to FRCP 60(b)(6) or, in the alternative, Motion to Amend Judgment Pursuant to FRCP 59(e) (Dkt. 55). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants Defendants' motion and denies Plaintiff's motion for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On January 7, 2009, the Court issued its Decision and Order Including Findings of Fact and Conclusions of Law after holding a one-day bench trial and receiving Plaintiff's deposition transcript. Dkt. 51. With regard to the pending motions, the Court found as follows:

ORDER - 1

14. On August 24, 2007, Plaintiff was seen by ophthalmologist Ted Zollman, M.D., a partner of Dr. Hughes. At that time, Dr. Zollman diagnosed Bell's Palsy.
15. Plaintiff reached maximum medical improvement regarding his eye hordeolum on October 11, 2007. There is no persuasive evidence that the condition of Bell's Palsy was caused by the injury Plaintiff sustained to his left eye.
\*\*\*
18. Icicle Seafoods has paid all medical bills incurred by Plaintiff for all treatment received from Providence, Swedish, Dr. Grundy, Dr. Hughes, and Dr. Zollman up to the date of maximum medical improvement, declared by Dr. Zollman to be October 11, 2007. Icicle Seafoods has not paid medical bills for treatment related to the Bell's Palsy, all of which were incurred by Plaintiff beyond the date of October 11, 2007.
19. Defendants had the duty to pay maintenance from July 30, 2007 to the date of his maximum medical improvement. To date Defendants have only paid Plaintiff the amount of $280.00 for maintenance.
20. Paragraph 13 of the Employment Contract reads as follows: "If you are injured while working on the floating processor, [the injury] may be covered under Alaska Worker's Compensation and/or under Federal Maritime benefits. Unless requested otherwise, we will process any claim through the Alaska Worker's Compensation system." The contract either expressly provides that there is dual coverage, or it is not made clear whether federal maritime benefits may be received in addition to Alaska Worker's Compensation benefits, or that Plaintiff must make an election.

*Id*. at 4-5.

With regard to the pending motions, the Court concluded as follows:

7. Paragraph 13 of the Employment Contract either expressly provides Plaintiff with both coverage from the Alaska Worker's Compensation fund and federal maritime benefits, or that paragraph is ambiguous. If the clause is ambiguous, the ambiguity should be resolved in the favor of the injured seaman. *Vaughan v. Atkinson*, 369 U.S. 527, 531-32 (1962). Therefore, Plaintiff is entitled to receive both the compensation from the Alaska Workman Compensation Fund as well as amounts due from Defendants.
8. Plaintiff has failed to show that Defendants acted arbitrarily or capriciously by concluding that Plaintiff's decision to go to Seattle for additional health care constituted a forfeiture of his position. Therefore, Defendants are not liable for Plaintiff's attorney's fee necessary to recover unpaid maintenance and wages.
9. Similarly, Defendants are not liable for the cost of the deposition of Dr. Zollman because Plaintiff has failed to show that they acted arbitrarily or capriciously. Moreover, Dr. Zollman's deposition was unnecessary in this action because Defendants conceded that Plaintiff reached maximum possible cure on October 11, 2007.

*Id*. at 6-7.

ORDER - 2

On January 13, 2009, Defendants filed a Motion to Amend Judgment. Dkt. 52. On January 26, 2009, Plaintiff responded. Dkt. 57. On January 28, 2009, Defendants replied. Dkt. 58.

On January 15, 2009, Plaintiff filed a Motion for Relief from Decision and Order Pursuant to FRCP 60(b)(6) or, in the alternative, Motion to Amend Judgment Pursuant to FRCP 59(e). Dkt. 55. On January 22, 2009, Defendants responded. Dkt. 56. On January 29, 2009, Plaintiff replied. Dkt. 59

## II. DISCUSSION

### A.  Defendants' Motion to Amend Judgment

Defendants argue that it is "entitled to setoff or credit against [its] maintenance obligation for amounts paid to [Plaintiff] pursuant to the Alaska Workers' Compensation Act." Dkt. 52. The Court found that this provision of the parties' employment contract was ambiguous and concluded that Defendants were not entitled to a setoff or credit. Dkt. 51 at 5-6.

Defendants claim that it "regrets not briefing this issue to the Court prior to trial." Dkt. 52 at 2. Defendants did, however, submit significant briefing on this issue with the current motion. Upon review of this material, the Court finds that Defendants are entitled to a setoff or credit and that the employment contract is not ambiguous as to this provision.

Plaintiff advances two arguments against this finding: (1) the employment contract provision is ambiguous as argued by the plaintiff in *Bryan v. Icicle*, Cause No. 06-231, W.D. Wash., Dkt. 17, and (2) based on principles of equity, he should be entitled to recover the amount of the judgment. Dkt. 57 at 1-2. With regard to the employment contract provision being ambiguous, the Court adopts the reasoning and conclusion of United States District Judge Ricardo Martinez that the provision is not ambiguous. *See Bryan v. Icicle*, Cause No. 06-231, W.D. Wash., Dkt. 27.

With regard to equity, Plaintiff's argument is unpersuasive. Defendants' liability under a judgment that is contrary to law should not be based on the amount of Plaintiff's recovery.

1    Therefore, Defendants' Motion to Amend Judgment is granted. An amended findings of
2  fact, conclusions of law, and order will issue forthwith.

**B.     Plaintiff's Motion for Relief or to Amend Judgment**

Plaintiff argues that the Court should have taxed the cost of Dr. Zollman's expert testimony as a cost of litigation. Dkt. 55 at 1. "In admiralty the matter of costs rests in the discretion of the trial court and very wide latitude has been exercised." *The Lily*, 69 F.2d 898, 900 (9th Cir. 1934).

First, Plaintiff argues that the Court should not set a stringent standard for taxing costs under Local Rule 54(d)(3)(C). That rule states that "[e]xpenditures incident to the litigation which were ordered by the Court as essential to a proper consideration of the case shall be allowed." Plaintiff claims that the Court ordered Dr. Zollman's expert testimony because it denied his earlier motion for summary judgment based on the existence of issues of fact regarding whether Plaintiff reasonably rejected medical attention. Dkt. 55 at 2. Plaintiff's argument is unpersuasive as the Court did not order Plaintiff to retain an expert by merely identifying issues of fact in this litigation.

Second, Plaintiff argues that Dr. Zollman's testimony was "necessary to prove the most basic issue in this case: Whether [Plaintiff's] choice of medical provider was reasonable." Dkt. 55 at 2. Defendants counter that Dr. Zollman "had not reviewed any of the medical records regarding [Plaintiff's] treatment in Alaska" and that "Dr. Zollman was very poorly prepared to have any informed comment upon" the treatment offered to Plaintiff in Seward, Alaska. Dkt. 56 at 2. The Court is not persuaded that Dr. Zollman's expert testimony was necessary to prove any issue in this case.

Finally, Plaintiff argues that if the Court does not tax the cost of Dr. Zollman's expert testimony against Defendants, then Plaintiff may fall into debt as a result of this action. Defendants paid all of Plaintiff's medical bills until October 11, 2007, the date when Dr. Zollman declared that Plaintiff had reached maximum medical improvement. *See supra*. Moreover, the Court found that it was reasonable for Defendants to assume that Plaintiff had

ORDER - 4

voluntarily forfeited his job when he left Seward, Alaska for Seattle, Washington. The Court is not persuaded that, under principles of equity, Defendants should be taxed this cost for Plaintiff's pursuit of damages for personal injuries, punitive damages, double wages, and attorney's fees where Plaintiff only received an award of damages that were essentially conceded by the opposing party. *See* Dkt. 1 (Complaint).

Therefore, Plaintiff's motion is denied.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' Motion to Amend Judgment (Dkt. 52) is **GRANTED** and Plaintiff's Motion for Relief from Decision and Order Pursuant to FRCP 60(b)(6) or, in the alternative, Motion to Amend Judgment Pursuant to FRCP 59(e) (Dkt. 55) is **DENIED**. An amended order and judgment shall issue forthwith.

DATED this 27th day of February, 2009.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5